UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
WLODZIMIERZ DROZD,

                                        Plaintiff,

             -against-

VLAVAL CONSTRUCTION, INC., and,
VLADIMIR MARKOVSKI,

                                    Defendants.
------------------------------------------------------------x

09CV5122 (SJ) (CLP)

MEMORANDUM
AND ORDER

A P P E A R A N C E S

ROBERT WISNIEWSKI & ASSOC. P.C.
225 Broadway
Suite 1020
New York, NY 10007
By:    Robert Wisniewski
Attorney for Plaintiff

STERLING JOHNSON, JR., Senior United States District Judge:

        Plaintiff Wlodzimierz Drozd ("Plaintiff" or "Drozd") filed the instant action on November 20, 2009 against Vlaval Construction, Inc. ("Vlaval"), his former employer, and Vladimir Markovski, a principal of Vlaval (collectively "Defendants"). Drozd seeks unpaid wages and unpaid overtime pursuant to both the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), and related New York Labor Law ("NYLL"). Defendants failed to answer or otherwise respond to

1

the Complaint, and on February 19, 2010, the Clerk of the Court entered default against them. Plaintiff's motion for default judgment soon followed, and the matter was referred to Magistrate Judge Cheryl L. Pollak for a Report and Recommendation ("First Report"). Judge Pollak issued the First Report on October 18, 2011, recommending that judgment be entered against Defendants, jointly and severally, on Plaintiff's FLSA, NYLL and conversion claims and against Defendant Vlaval on Plaintiff's breach of contract claim. Judge Pollack recommended awarding back wages and liquidated damages, each in the amount of $4,054.00, in addition to $10,111.50 in attorneys' fees and $1,405.34 in costs. However, the $10,111.50 in attorneys' fees was an amount less than that requested by Plaintiff, as Judge Pollak found certain supporting documentation to be lacking. Additionally, Judge Pollak recommended denying Plaintiff's claim for damages for his conversion claim and denying Plaintiff prejudgment interest, finding the latter barred under FLSA.

Following the issuance of the Report, Plaintiff made two submissions to the Court. In the first, he supplemented his claim of conversion with handwritten notes of his unreimbursed expenses taken contemporaneously with his employment, and bolstered his motion for attorneys' fees with additional time records and credentials of those employed by Plaintiff's counsel who provided assistance in the prosecution of this action. In response, Judge Pollak issued a supplemental Report and Recommendation ("Second Report") on December 1, 2011, which, in taking

into account Plaintiff's first submission, modified the initial Report by recommending Plaintiff be awarded $998.29 in damages for his conversion claim, and recommending that the award of fees and costs be increased to $16,768.13 and $1455.34, respectively, for a total award of $27,329.76.

In his second submission, Plaintiff objected to the First Report insofar as Judge Pollak recommended denying him prejudgment interest on his unpaid wages claims. Plaintiff made no objection to the Second Report.

Upon review of the recommendations and Plaintiff's November 1, 2011 submissions, this Court adopts and affirms both of Judge Pollak's Reports in their entirety.

## DISCUSSION

A district court judge may designate a magistrate judge to hear and determine certain motions pending before the Court and to submit to the Court proposed findings of fact and a recommendation as to the disposition of the motion. See 28 U.S.C. § 636(b)(1). Within 10 days of service of the recommendation, any party may file written objections to the magistrate's report. See id. Upon *de novo* review of those portions of the record to which objections were made, the district court judge may affirm or reject the recommendations. See id.

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. See Thomas v. Arn, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections may waive the right to appeal this Court's Order. See 28 U.S.C. § 636(b)(1); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

Here, Plaintiff's objects only to Judge Pollak's recommendation that he be denied $1,089.86 in prejudgment interest on his wage claims. Plaintiff argues that prejudgment interest may be awarded under New York Labor Law regardless of whether liquidated damages were granted under the FLSA.

"Plaintiff[] may not recover under both NYLL and the FLSA for the same injury." Angamarca v. Pita Grill 7 Inc., 2012 WL 3578781, at *4 (S.D.N.Y. Aug. 2, 2012). However, where both the FLSA and New York Labor Law provide for recovery, it is appropriate for the Court to award the maximum recovery available for each violation. See Wicaksono v. XYZ 48 Corp., 2011 WL 2022644, at *3 (S.D.N.Y. May 2, 2011) ("The federal minimum wage does not preempt the state minimum wage. . . and a plaintiff may recover under whatever statute provides the highest measure of damages.") (citing Jiao v. Chen, 2007 WL 4944767, at *17 (S.D.N.Y. Mar. 30, 2007).) Some courts even permit simultaneous awards of liquidated damages under both statutes, reasoning that the FLSA's liquidated

4

damages are compensatory in nature while under New York Law Law, they are punitive.  See Wicaksono, 2011 WL 2022644, at *7 (collecting cases).  Therefore,

> where a plaintiff has already received an award of FLSA liquidated damages the plaintiff has already been compensated in the delay in receiving wages that should have been paid and is . . . entitled to an award of prejudgment interest only on unpaid wages and spread of hours pay for which liquidated damages were not assessed.

Gunawan v. Sake Sushi Restaurant, 2012 WL 4369754, *11 (E.D.N.Y. Sept. 24, 2012); see also Janus v. Regalis Constr., Inc., 2012 WL 3878113, at *9 (E.D.N.Y. Jul. 23, 2012) (collecting cases); Santillan v. Henao, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) ("Since liquidated damages awarded under the FLSA for unpaid overtime is designed to compensate employees for delay in payment, such damages are the functional equivalent of prejudgment interest on the overtime pay.") Therefore, the Court finds that Plaintiff is not entitled to prejudgment interest on his wage claims.

## CONCLUSION

For the foregoing reasons, the Court adopts both Reports in their entirety.

SO ORDERED.

Dated: October 10, 2012                             /s/
       Brooklyn, NY                    Sterling Johnson, Jr., U.S.D.J.